# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2697

_____

United States of America,                    *
                                              *
            Appellee,                         *
                                              *     Appeal from the United States
      v.                                      *     District Court for the
                                              *     Eastern District of Missouri.
Frizell Brett,                                *         [UNPUBLISHED]
                                              *
            Appellant.                        *

_____

Submitted:  April 12, 2005
   Filed:   May 9, 2005

_____

Before LOKEN, Chief Judge, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Frizell Brett was found guilty following a bench trial[1] of possession with intent to distribute cocaine base, a violation of 21 U.S.C. § 841(a)(1). He appeals from the denial of his motion to suppress, arguing that the district court erroneously found that he voluntarily consented to the search of his residence. We affirm.

St. Louis police officers set up a surveillance of Brett's barber shop and residence on May 27, 2003, after receiving information that Brett was dealing cocaine

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

out of his barber shop. They stopped Brett when he arrived at his residence, advised him of the investigation, and gave him his Miranda warnings. According to the officers' testimony, no other witnesses were present. The officers testified that Brett indicated that he wished to cooperate, confessed to having a small amount of cocaine in his kitchen, voluntarily signed a consent to search form, and handed his keys to the officers. Brett's testimony differed: he claimed that he was handcuffed and that he did not sign the consent form. Two defense witnesses, who claimed that they were present and interacted with the officers, corroborated his statement that he did not sign the consent form. The officers conducted a search and found cash, cocaine base, marihuana, powder cocaine and a digital weighing scale.

The district court found beyond a reasonable doubt that Brett had signed the consent form willingly and knowingly and that there was no evidence of coercion. It then found Brett guilty of possessing with the intent to distribute 26.9 grams of cocaine base and sentenced him to 120 months of imprisonment plus eight years of supervised release.

A warrantless search of a residence does not violate the Fourth Amendment if voluntary consent has been given by its resident. Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973). Whether consent was voluntarily given "is a question of fact to be determined from the totality of the circumstances." Id. at 227. The court must conduct an intensive inquiry based on numerous considerations, none of which, by themselves, are dispositive. United States v. Lee, 356 F.3d 831, 834 (8th Cir. 2003). We review factual findings by the district court for clear error. Id. Here, the district court considered Brett's age, intelligence, education, that he was not under the influence of drugs or alcohol at the time of the incident, that Miranda warnings were given, and that he had had prior experience with the criminal justice system. See United States v. Smith, 260 F.3d 922, 924 (8th Cir. 2001) (listing factors relevant to the issue of voluntariness). It also considered the surrounding circumstances at the time of the consent: the officers questioned Brett only briefly in a public place; he

was not under arrest at the time; and there is no evidence that they threatened, intimidated, or coerced him in any way. See Id. The district court accordingly found that Brett signed the form "willingly and knowingly before the search of his residence was conducted," a finding that finds ample support in the record and thus cannot be said to be clearly erroneous.

The judgment is affirmed.

_____